RECEIVED
1/25/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KRA

1:23-CV-00484

DIRECT

JUDGE KOCORAS
MAGISTRATE JUDGE GILBERT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

David Alan Novoselsky

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

Jerome Larkin, Scott Renfroe, and Benjamin Borough

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

Case No: _____
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

__X__ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I. **Plaintiff(s):**

A. Name: David Alan Novoselsky

B. List all aliases: 

C. Prisoner identification number: 

D. Place of present confinement: 

E. Address: 8663 Lakeshore Drive, Pleasant Prairie, WI 53158

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Jerome Larkin

Title: Administrator

Place of Employment: ARDC, 130 East Randolph Drive, Chicago, Illinois 60601

B. Defendant: Scott Renfroe

Title: Deputy Administrator

Place of Employment: ARDC, 130 East Randolph Drive, Chicago, Illinois 60601

C. Defendant: Benjamin Borougf

Title: Counsel for the Adminstrator

Place of Employment: ARDC, 130 East Randolph Drive, Chicago, Illinois 60601

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

    A. Name of case and docket number: (As a pro se rather than as an attorney) David and Charmain Novoselsky vs Commissioner of the Internal Revenue Service, US Tax Court, Docket 22400-13 and subsequent appeal therefrom in the United States Court of Appeals, 7th Circuit

    B. Approximate date of filing lawsuit: 2019

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: David and Charmain Novoselsky

    D. List all defendants: Commissioner of the Internal Revenue Service

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): United States Tax Court

    F. Name of judge to whom case was assigned: Judge Lauder

    G. Basic claim made: Dispute over whether monies should be treated as a loan rather than income

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Decision for Commissioner, later appeal was not pursed as parties are attempting to resolve dispute through IRS administrative review

    I. Approximate date of disposition: 2020

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Revised 9/2007

Case: 1:23-cv-00484 Document #: 1 Filed: 01/25/23 Page 4 of 6 PageID #:4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Between 1973 and 2021 Plaintiff, a Wisconsin resident and domiciliary since 2000, was an attorney admitted to practice, *inter alia*, before the Supreme Court of the State of Illinois. All of the defendants are employed by the ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION of the State of Illinois (hereafter, ARDC). Defendant Larkin is the Administrator of the ARDC, defendant Renfroe is the Deputy Administrator of the ARDC, and defendant Borougf is Counsel for the Administrator. Defendants filed and prosecuted to conclusion a disciplinary action before the Commision against plaintiff pursuant to the rules and procedures of Illinois Attorney Disciplinary System under docket number 2015 PR 00007. That cause of action was concluded, folowing an order entered in 2020 disbarring plaintiff, with the entry of the final order on May 14, 2021 imposoing costs. This order was entered in the form and granting all the relief as requested by defendants. No additional relief was requested and none obtained by defendants in that proceeding.

On June 9, 2021 plaintiff filed a cause of action before this Court against the above – named seeking compensatory damages and injunctive relief. This case was docketed under case number 21 CV 3117 and assigned to United States District Judge Charles P Kocoras for further disposition. Defendants filed a motion to dismiss this cause of action. Plaintiff's initial response was a request for leave to withdraw the count seeking damages and for leave to amend pursue injunctive relief only.

On November 10, 2021 Judge Kocoras entered an order dismissing the cause of action and denying plaintiff's request to amend. The Court declined to allow leave to amend, stating that "Novoselsky [has] already received the highest form of punishment – disbarment. Any further disciplinary proceedings would be for naught. And the future proceedings are contingent on Novoselsky commiting more violations of the Illinois rules of professional conduct or engaging in the unauthorized practice of law. On top of that, the allegations also rest on the presumption that the ARDC will bring any proceedings through its disciplinary process and not through the Illinois court system. There is no indication that any of this will happen imminently or even at all. Thus Novoselsky's claims are not' actual or immenent' (21 CV 3117, Document # 20 pages 8 – 9, a copy of this attached for the convenience of this Court as exhibit A.)

On January 23, 2023 the above – named defendants filed a PETITION FOR ORDER AND JUDGMENT FOR COSTS before the Illinois Supreme Court under the same docket number and presumably to be considered as a continuation of 2015 PR 00007, the matter previously brought as part of the disciplinary process rather than as part of a civil cause of action before the Illinois courts. (See attached as exhibit B.) This petition sought identical relief previously sought and

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

obtained by defendants in their request for costs on May 14, 2021 with the additional request for relief in the form of a "judgment", relief that had not been sought nor obtained by defendants in 2021. This pleading was not served on plaintiff but was emailed to plaintiff's former counsel.

It is this petition and request for relief plaintiff seeks to address in the instant complaint.

Claim 1. [DENIAL OF DUE PROCESS AND EQUAL PROTECTION] Plaintiff was disbarred by the Illinois Supreme Court in September 2020 and as such, is no longer subject to the Illinois Rules of Professional Conduct that permit defendants to obtain relief against him under the process of these rules which do not provide the same substantive and procedural protections accorded non-attorney citizens "as part of a civil cause of action before the Illinois courts".

Despite this and further despite the observations of this Court in its earlier ruling noted above, defendants, with no explanation for the delay of more than a year since the earlier dismissal, filed the instant pleading seeking a monetary judgment through what this Court referred to as the disciplinary process rather than through "a civil cause of action before the Illinois courts." subject him to govern attorneys admitted to practice before the Supreme Court. Defendants may not do so.[1]

Plaintiff is no longer an attorney licensed to practice law. Although plaintiff believes that he was not properly disbarred and his right to earn a livelihood as an attorney improperly stripped from him by the Illinois Supreme Court, he does not ask this Court to vacate or go behind that decision. He does ask this Court to stop defendants from continuing to act as if he was still subject to further relief through the less restrictive provisions of the Illinois disciplinary system and require them to proceed, "if at all", solely within the provisions and protections of the law that apply to all non—lawyers and other private citizens and then solely through the normal civil litigation process including the filing of a complaint in the appropriate Illinois or other trial court.

---

[1] Defendants, in their petitionas filed in Illinois, offer no explanation for why they choose to wait more than a year after this Court's ruling to file their request for a monetary judgment. Questions regarding the effect of this delay and a defense of laches and other related issues will be addressed in further pleadings in this case.

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## V. Relief Sought:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1. Plaintiff seeks to have this Court order defendants to enjoin all further efforts by defendants against plaintiff in the Illinois disciplinary system to subject plaintiff to the strictures of and potential sanctions that can be imposed upon him pursuant to the Illinois Rules of Professional Conduct including but not limited to efforts to obtain the relief as sought in the petition they filed in the Illinois Supreme Court on January 23, 2023. Plaintiff does not seek to have defendants enjoined from like efforts within and in compliance with the rules and provisions applicable to all citizens of Illinois or other civil court systems

## VI. The plaintiff demands that the case be tried by a jury.   YES   NO [X]

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 25th day of January, 2023

//

DAVID ALAN NOVOSEKSKY

8663 LAKESHORE DRIVE.
PLEASANT PRAIRIE WI 53158

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]